**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 04-20250-CR-Jordan/Torres

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NICHOLAS BACHYNSKY,

    Defendant.

_____/

**ORDER ON DEFENDANT BACHYNSKY'S MOTION
TO BE DECLARED INDIGENT FOR COSTS**

This matter comes before the Court on Defendant Bachynsky's Motion to be Declared Indigent for Costs [D.E. 460]. A hearing was held in connection with this motion on March 16, 2007. The Court has reviewed the motion and the government's response, heard argument of counsel and reviewed the record. The matter is now ripe for disposition.

*I.  BACKGROUND*

On March 16, 2007, this Court conducted a two part hearing on Dr. Bachynsky's motion. Counsel for the government participated in the first part during which the Court heard arguments on whether it was proper for the Court to fund the travel expenses of undersigned counsel for the taking of Rule 15 depositions in Switzerland. The second part was an ex parte proceeding, during which the Court inquired into Dr. Bachynsky's financial condition as well as several other matters relating to the attorneys' fees and costs in this matter. The Court requested a copy of the fee agreement between Dr. Bachynsky and his counsel, which has since been filed with the Court under the seal along with financial statements.

Dr. Bachynsky was indicted in April 2004 and retained the law firm of Black, Srebnick, Kornspan & Stumpf in August 2004. At the inception of the case, the government estimated that the trial would last approximately three weeks. Based on this representation, defense counsel drafted a retainer agreement requiring the payment of $275,000 for a three-week trial, a $50,000 cost deposit and an additional $50,000 deposit to cover trial days beyond the estimated three-week trial period. The initial $100,000 deposit has already been applied toward costs. In October 2005, an additional $50,000 was deposited with the firm on Dr. Bachynsky's behalf to continue covering costs. That money has also been depleted. All payments to the law firm of Black, Srebnick, Kornspan & Stumpf have been made by a third party on behalf of Dr. Bachynsky.

## II.  ANALYSIS

In his motion, Dr. Bachynsky seeks financial assistance under the Criminal Justice Act, 18 U.S.C. § 3006A, to cover "necessary costs includ[ing] but [] not limited to, expenses associated with defense counsel's travel to Switzerland for Rule 15 depositions . . . , photocopying costs, as well as costs for the services of an investigator." The government opposes Dr. Bachynsky's request for the reimbursement of defense counsel's expenses, arguing that general litigation expenses are not covered by the Act. The government concedes, however, that there is a limited exception for investigative, expert or other services necessary for adequate representation.

Section (e) of the Criminal Justice Act provides: "Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." 18 U.S.C. § 3006A(e)(1). Under the Act, the Court is required to authorize funds when a defense attorney, whether privately retained or CJA-appointed, "makes a reasonable request in circumstances in which he would independently engage such services [if his client was able to pay for

them]." *United States v. Salameh*, 152 F.3d 88, 118 (2nd Cir. 1998) (citing *United States v. Durant*, 545 F.2d 823, 827 (2nd Cir. 1976)). The Court is "obligated to exercise [its] discretion in determining whether such services are necessary." *Id.* (citing *United States v. Oliver*, 626 F.2d 254, 260 (2nd Cir. 1980)).

The only CJA provision allowing for reimbursement of general litigation expenses is in the subsection covering the payment of CJA-appointed counsel, which also provides: "Attorneys shall be reimbursed for expenses reasonably incurred, including the costs of transcripts authorized by the United States magistrate or the court." 18 U.S.C. § 3006A(d)(1). Given its inclusion in the section authorizing payment of attorneys' fees to CJA-appointed counsel, this provision clearly applies solely to situations where counsel is appointed rather than retained. As the statute currently reads, there is no provision authorizing federal courts to reimburse privately retained attorneys of indigent defendants for expenses incurred in conducting litigation. Furthermore, the Court in *United States v. Bowe*, 360 F.2d 1, 13 (2nd Cir. 1966), specifically held that defense counsel's travel expenses are not covered by the statute as they are "expenses incurred in conducting litigation." Out of the three items listed in Dr. Bachynsky's motion, the only one which appears to qualify for CJA payment is the service of an investigator.

The Administrative Office of the United States Courts sets forth guidelines for the administration of the Criminal Justice Act. The guidelines provide: "In responding to requests for subsection (e) services by a defendant represented by retained counsel, the court should inquire into the fee arrangement between the retained attorney and the defendant." Admin. Office, U.S. Courts, 7 Guide to Judiciary Policies & Procedures § A, ch. 3, pt.A, *available at* www.uscourts.gov/defenderservices/publications.html. It further provides:

> If the court finds the fee arrangement unreasonable in relation to fees customarily paid to qualified practitioners in the community for services in criminal matters of similar duration and complexity, or that it was made with a gross disregard of the defendant's trial expenses, the court may order the attorney to pay out of such fees all or such part of the costs and expenses as the court may direct.

*Id.*

After reviewing the fee arrangement, the Court finds that it is reasonable given the complexity and duration of the case. The fee agreement provides that Mr. Bachynsky will pay a set fee of $275,000 for a three-week trial. Additionally, Mr. Bachynsky gave Black, Srebnick, Kornspan & Stumpf a $50,000 cost deposit and an additional $50,000 to cover trial days beyond the three-week trial period estimated by the government. Approximately one year later, the firm received another $50,000 cost deposit. A total of $325,000 for fees and $100,000 for costs have been paid to the firm.

To date, the partner working on this case has billed approximately 200 hours, the associate has billed approximately 1,500 hours, and the paralegal has billed approximately 1,517.25 hours. Reasonable fees for qualified practitioners and paralegals in this community working on a criminal matter of similar duration and complexity are as follows: a senior partner should be paid approximately $400 per hour, a fifth year associate should be paid approximately $200 per hour and a paralegal should be paid $100 per hour. At these rates, the partner has already billed $80,000, the associate has billed $300,000, and the paralegal has billed $151,725, which totals $531,725. The $380,000 in attorneys' fees are in excess of the $325,000 retainer fee that the parties' negotiated and the case has not yet gone to trial.

The $151,725 in paralegal fees are billed out as costs per the retainer agreement. Costs in this case, excluding paralegal fees, come out to $31,837.50. Total costs to date are, therefore, $183,562.50, which is also in excess of the $100,000 cost deposit. The

Court reviewed the firm's financial statements in this case and finds that the expenses are reasonable given the difficulty of the issues involved and how long the case has been pending.

Defendant may, therefore, file a motion for CJA payment of an investigator following the requirements set forth for such an application in section 3.04 of the guidelines.[1]  The Court notes that, with prior authorization, compensation for investigative, expert and other services is limited to $1,600 per individual, exclusive of reimbursement for expenses reasonably incurred, per individual authorization to perform said service.

Last, payments made by a third party on behalf of the Defendant do not preclude a finding of indigency.  *See United States v. Crosby*, 602 F.2d 24, 29 (2nd Cir. 1979) (finding that defendant was unable to pay a lawyer at the time that CJA counsel was appointed despite defendant's mother's later willingness to pay a set fee on behalf of defendant for retained counsel).  Therefore, the payment of defense counsel's fee and $100,000 cost deposit on behalf of Dr. Bachynsky by a third party does not preclude a finding of indigency by the Court under the current record.  Based on Dr. Bachynsky's sworn testimony regarding his available assets, the Court finds Dr. Bachynsky to be indigent at this point in time.

---

[1]     The guidelines provide:

> All claims for services other than counsel, under subsection (e) of the Act, should include the following: a statement as to the type of, dates of, and time expended for, the services provided; an explanation of the fee arrangement [with the service provider] (i.e., hourly rate, per diem rate, etc.); an itemized statement of all expenses for which reimbursement is claimed; and supporting documentation, where practicable, for all expenses of lodgings and subsistence, and for any expenses in excess of $50.

### III.   CONCLUSION

Accordingly, Defendant's Motion to be Declared Indigent for Costs [D.E. 460] is **GRANTED IN PART AND DENIED IN PART**.  The Court finds that Dr. Bachynsky is indigent for purposes of the Criminal Justice Act.  Dr. Bachynsky's motion is denied without prejudice to the extent that it requests the payment of funds at this time.  As noted above, Dr. Bachynsky is not entitled to CJA payment of general litigation costs, such as defense counsel's travel to Switzerland or photocopying costs, but might be eligible for funds to pay for the services of an investigator.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of April 2007.

*/s Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
Honorable Adalberto Jordan
All counsel of record