UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-20250-CR-Jordan/Torres

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NICHOLAS BACHYNSKY,

    Defendant.
_____/

## ORDER ON GOVERNMENT'S MOTION FOR PRETRIAL PRODUCTION OF DOCUMENTS

This matter is before the Court on the Government's Motion for Pretrial Production of Documents [D.E. 447], pursuant to the Honorable Adalberto Jordan's Order of Reference [D.E. 465]. A hearing was held on May 22, 2007, during which counsel proffered to certain facts that form the basis of this order. The government previously moved under Fed. R. Crim. P. 17(c) to require the immediate production of certain documents before trial based on the crime-fraud exception and waiver of the attorney-client privilege and work product immunity. Based on this record, the crime-fraud exception argument is now moot, and the Court will only proceed on the attorney-client privilege waiver issue. After hearing argument of counsel and reading the papers related thereto, the Court grants the Government's motion.

## I. BACKGROUND

The government served a subpoena on the custodian of records at Brinkley, Morgan, Solomon, Tatum, Stanley, Lunny & Crosby, LLP ("the Firm"), requesting documents relating to its former clients Nicholas Bachynsky, Woodie Roy, and their company, WERNB Medical Interests, Inc. Mr. Bachynsky opposed the government's request for pretrial production of documents, which initially was based solely on the argument that the crime-fraud exception obviated the attorney-client privilege and work product immunity. The government filed a supplement to its motion a few days before the hearing noting that Mr. Bachynsky had recently stated in a court filing that he intends to assert an advice of counsel defense at trial. The government thus argued that Mr. Bachynsky had waived his right to assert a privilege with respect to the subject matter involved in his advice of counsel defense.

At the hearing, Mr. Bachynsky acknowledged that the government was correct that he intended to raise an advice of counsel defense at trial, and further that he no longer actively opposed the production of the documents. Mr. Bachynsky left to the Court's determination whether the government was entitled to the Firm's documents prior to trial. The Court finds that the government meets the prerequisites for pretrial production of documents under Fed. R. Crim. P. 17(c).

## II. ANALYSIS

Under Rule 17(c), "[t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." For pretrial production, the government must show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such

inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 699 (1974).  The government meets each of these prerequisites.

    First, the documents are relevant to prove that Bachynsky knew that investors were being defrauded when they were told that the business of the company they were investing in, Helvetia, was based on the exclusive use of the rights to a patent-pending cancer treatment called Chemically Induced Intracellular Hyperthermia ("the Rights"), without being told that Bachynsky and Roy had previously assigned the Rights to another company that asserted its ownership of the Rights.  Any statements by Bachynsky contained in the documents may be admissible as admissions.  Any statements by Roy may be admissible as co-conspirator statements.  Last, statements by members of the Firm to Bachynsky and Roy may be admissible to show Bachynsky and Roy's knowledge and to establish context for the statements by Bachynsky and Roy.  Additionally, with respect to Mr. Bachynsky's defense that the lawyers he retained knew that he and co-defendant Anders had prior criminal convictions, the documents may reveal whether there are supporting documents for this theory or, instead, whether there are documents that the government could use to discredit Mr. Bachynsky's defense based upon what his lawyers knew, when they knew it, and what they did or did not do in response to that information.

    Second, there is no other source to obtain the documents as they evidence privileged communications between the Firm and its clients.

    Third, the government cannot properly prepare for trial without production of the more than 1,000 documents in advance of trial, and the failure to obtain them before trial may tend unreasonably to delay the trial.  In this case, the fraud as it relates to the Rights is a central part of the government's case.  Bachynsky's and Roy's communications

with their attorneys about getting the Rights back, while Bachynsky was concealing from investors that he and Roy had already conveyed the Rights to a company other than Helvetia, will be highly probative of Bachynsky's alleged commission of fraud. The government needs to know about these attorney-client communications in advance of trial to decide how to prepare to respond to the advice of counsel defense, and ultimately how to organize the government's overall trial presentation. If the documents are not produced before the trial, the trial might be delayed as it is likely that the government will need time to undertake further investigation suggested by information contained in the documents. The government will also need time prior to trial to review the documents and evaluate the information contained therein.

Lastly, the government's motion appears to be in good faith. The government has shown a case-specific need for the documents and has fully explained their relevancy in proving the facts relating to the central aspect of the fraud charged here.

Accordingly, the government has met the prerequisites for pretrial production of documents.

With regard to the government's right to obtain these documents in the fact of Mr. Bachynsky's attorney-client privilege, Mr. Bachynsky represented that he intended to assert an advice of counsel defense at trial. When a party asserts an advice of counsel defense, the party waives the attorney-client privilege as to the subject matter of that advice. *See Cox v. Adm'r United States Steel*, 17 F.3d 1386, 1417-21 (11th Cir. 1994) ("[c]ourts have found waiver by implication . . . when a client asserts reliance on an attorney's advice as an element of a claim or defense'") (citing *Sedco Int'l S.A. v. Cory*, 683 F.2d 1201, 1206 (8th Cir. 1982)), *modified in part on other grounds*, 30 F.3d 1347 (11th Cir. 1994); *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005) ("The widely applied standard for determining the scope of a waiver of attorney-client privilege

is that the waiver applies to all other communications relating to the same subject matter."), *cert. denied*, 126 S. Ct. 1768 (2006).

A client's assertion of an advice of counsel defense also waives work product immunity as to all work product concerning the subject matter at issue other than pure legal opinion not communicated to the client. *In re EchoStar Communications Corp.*, 448 F.3d 1294, 1302-04 (Fed. Cir. 2006) (extensively discusses the effect of raising an advice of counsel defense on work product immunity), *cert. denied*, 127 S. Ct. 846 (2006).

During today's hearing, Mr. Bachynsky's counsel represented that, at trial, he intended to assert the following three advice of counsel defenses: (1) that Mr. Bachynsky's New York and Fort Lauderdale law firms failed to advise him to disclose his status as a convicted felon to prospective investors despite their knowledge of Mr. Bachynsky's prior convictions; (2) that Mr. Bachynsky's Fort Lauderdale law firm knew of Mr. Anders's conviction for securities fraud and yet failed to advise Mr. Bachynsky not to engage in business with Mr. Anders given Mr. Anders's criminal history; and (3) that Mr. Bachynsky hired the Fort Lauderdale law firm to prepare and file a lawsuit to obtain the Rights in the patent-pending cancer treatment he assigned to a third party.

Thus, it appears that Mr. Bachynsky is going to assert a broad advice of counsel defense that he believed, based on the existence or lack of advice of counsel, that his actions and the actions of others in raising money for Helvetia were lawful. Thus, his defense "necessarily implicates all of the [legal] information at [his] disposal" when money was raised for Helvetia. *Cox v. Adm'r United States Steel*, 17 F.3d at 1418. The Court finds that a waiver of the privilege would exist under these circumstances. Given that Mr. Bachynsky does not actively oppose production of these documents, and that the government meets the prerequisites for pretrial production under Rule 17(c), the government is entitled to receipt of the Firm's documents at this time.

### *III.   CONCLUSION*

Accordingly, the Government's Motion for Pretrial Production of Documents [D.E. 447] is **GRANTED**.  The government, however, shall not share the documents produced pursuant to this Order with anyone other than its agents, experts or witnesses with direct knowledge of the Firm's representation of Mr. Bachynsky, so as to protect Mr. Bachynsky's attorney-client privileged communications with the Firm that may remain outside the limited waiver involved in this case.  The Court's finding in this Order does not constitute a finding that Mr. Bachynsky has waived his attorney-client privilege for all purposes.  Therefore, the government is bound by this Order to maintain the documents in confidence and not disclose them to third parties.  For good cause shown, the government may seek to modify, narrow or vacate this protective order at a later date, if that becomes necessary in the course of the government's review of the documents.

Additionally, the confidentiality conditions of this Order shall expire on the first day of trial in this case, unless Mr. Bachynsky stipulates to the government in writing beforehand that he shall abandon his advice of counsel defense at trial.  If such a stipulation is made, the government shall continue to be bound by this Order until further Order of the Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of May 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
Honorable Adalberto Jordan
All counsel of record