# United States District Court
## Southern District of Florida
### MIAMI DIVISION

UNITED STATES OF AMERICA

v.

**NICHOLAS BACHYNSKY**

JUDGMENT IN A CRIMINAL CASE

Case Number: 04-20250-CR-JORDAN (2)

USM Number: 47424-079

Counsel For Defendant: Howard Srebnick, Esq.
Counsel For The United States: Michael Davis, AUSA
Court Reporter: Francine Salopek

**Date of Original Judgment:** 12/3/08
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court       ☐ 28 U.S.C. § 2255 or
   ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

The defendant was found guilty on Count(s) 1, 9, 10, 13, and 19 of the Indictment.

The defendant is adjudicated guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C., Section 371; 18 U.S.C1., 1343 and 15 U.S.C. Section 78j(b), 15 U.S.C., Section 78ff(a), 18 U.S.C., Section 2, 17 C.F.R., Section 240.10b-5 | Conspiracy to commit securities fraud, Wire Fraud and Securities Fraud | October 2002, October 22, 2001, October 4, 2002 and February 23, 2002 | 1, 9, 10, 13 and 19 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant was found not guilty on counts 3, 4, 5, 6, 8, 15,16,18,20,21,23,25 and 26. On the government's motion counts 2, 7, 11,12,14,17 and 22 were dismissed.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
August 6, 2009

_____
ADALBERTO JORDAN
United States District Judge

August ___11___, 2009

DEFENDANT: NICHOLAS BACHYNSKY
CASE NUMBER: 04-20250-CR-JORDAN (2)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **168 months. The term consists of terms of 48 months as to each of counts 1, 9, 10 and 13, all to be served concurrently with each other and a term of 120 months as to count 19, to be served consecutively to each of counts 1, 9, 10 and 13.**.

The Court makes the following recommendations to the Bureau of Prisons:

> The Court recommends that the defendant be designated to FCI Coleman in Florida and that he participate in the 500 hour drug/alcohol treatment program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

DEFENDANT: NICHOLAS BACHYNSKY
CASE NUMBER: 04-20250-CR-JORDAN (2)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years as to counts 1, 9, 10, 13 and 19, all to run concurrently with each other.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: NICHOLAS BACHYNSKY
CASE NUMBER: 04-20250-CR-JORDAN (2)

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

**No New Debt Restriction** - The defendant shall not apply for, solicit, or incur any further debt over $5,000.00, included but not limited to loans or lines of credit, either as a principal, co-signer or guarantor, as directly or through any related entity or organization, without first obtaining permission from the Court.

**Financial Disclosure Requirement** - The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**Self-Employment Restriction** - The defendant shall obtain prior written approval from the Court before entering into any self-employment.

**Related Concern Restriction** - The defendant shall not own, operate, act as a consultant, be employed in, or participate in any manner, in any related concern during the period of supervision.

**Permissible Search** - The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

Case 1:04-cr-20250-AJ    Document 821    Entered on FLSD Docket 08/12/2009    Page 6 of 11
USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case
Page 6 of 11

DEFENDANT: NICHOLAS BACHYNSKY
CASE NUMBER: 04-20250-CR-JORDAN (2)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $500.00 | $ | $5,509,364.70 |

Restitution with Imprisonment -
It is further ordered that the defendant shall pay restitution in the amount of $5,509,364.70. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order.

Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

### VICTIMS LIST

STONEHURST INVESTMENT TRUST
ATTN: ALLAN NEEF, TRUSTEE
20100 MACK AVENUE, 2ND FLOOR
GROSSE POINTE WOODS,MI 48236-1820
AMOUNT: $5,000.00

PENNINGTON, ALFRED
132 GLENDALE DRIVE
LONGWOOD,FL 32750
AMOUNT: $5,000.00

KEMP, SUZANNE
6 OAKLEAF DRIVE
CLIFTON PARK,NY 12065
AMOUNT: $110,000.00

SENNE, ARTHUR
778-485TH STREET
NORTHWOOD,IA 50459
AMOUNT: $15,000.00

LARSEN, BERNARD
3533 W. AIRLINE HIGHWAY
WATERLOO,IA 50703
AMOUNT: $10,000.00

KLEIN, RALPH P.
3740 WELLINGTON LANE NORTH
PLYMOUTH,MN 55441
AMOUNT: $1,698,199.00

WATERS, JOHN
7695 ARTHUR S.R., #8E
KENILWORTH, ONTARIO CANADA, N0G2E0
AMOUNT: $5,000.00

SCUDDER, CLIFTON
N17 W30750 WOODLAND HILL DRIVE
DELAFIELD,WI 53018
AMOUNT: $246,000.00

MATZ, GARY
PO BOX Q
ELKHART LAKE,WI 53020
AMOUNT: $252,500.00

WALDRON, GAILYN
PO BOX 7964
ASPEN,CO 81611
AMOUNT: $75,000.00

BUGG, JOHN AND HELENE
723 JOHNS ROAD
BOERNE,TX 78006
AMOUNT: $15,000.00

HILLS, AUSTIN
490 POST STREET, SUITE 1049
SAN FRANCISCO,CA 94102-1301
AMOUNT: $25,000.00

DORWART, BARBARA
3705 CRUM LEY ROAD
LANCASTER,OH 43130
AMOUNT: $22,000.00

DEAN, JACK
PO BOX 824
WIMBERLY,TX 78676
AMOUNT: $50,000.00

JACOBS, BRIAN & FRANCINE
251 WEST MAIN STREET
LOS GATOS,CA 95030
AMOUNT: $60,000.00

WEISS, LOUIE
131 W. SUNSET ROAD
SAN ANTONIO,TX 78209
AMOUNT: $25,000.00

ABELMAN, ROBERT
2655 18TH AVENUE
MONROE,WI 53566
AMOUNT: $125,000.00

SARZEN, TOM
237 GEORGE TOWN COURT
ALBANY,NY 12203
AMOUNT: $30,000.00

BATES, WAYNE
96 GARDNER STREET
ROCKLAND,MA 02370
AMOUNT: $5,000.00

BERGERON, CAROLE
69 COPELAND STREET
WALLHAM,MA
AMOUNT: $10,000.00

Case 1:04-cr-20250-AJ   Document 821   Entered on FLSD Docket 08/12/2009   Page 8 of 11
USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case
Page 8 of 11

BRIGGS, DEAN
5264 N. FAIR OAKS PLACE
BOISE, ID 83703
AMOUNT: $10,000.00

BUNCE, JOHN
946 OLD ERIN WAY
LANSING, MI 48917
AMOUNT: $15,000.00

BURROWS JR., FREDERICK
138 PARADISE LANE
ORISKANY, NY 13424
AMOUNT: $30,000.00

CAREY, CHRISTINE
21 COBBLE COURT
CLIFTON PARK, NY 12065
AMOUNT: $35,000.00

DUNLAP, TROY A.
7622 UPPER 24 STREET NORTH
OAKDALE, MN 55128
AMOUNT: $20,000.00

FISHMAN, ABRAHAM & HELENE
300 WINSLON DRIVE, APT. 3009
CLIFFSIDE PARK, NJ 07010
AMOUNT: $350,000.00

GERSHOWITZ, ELLIOT
26 LEGENDA CIRCLE
MELVILLE, NY 11747
AMOUNT: $10,000.00

GRESH, EUGENE & CAREN
35 DOGWOOD LANE
ELINGTON, CT 06029
AMOUNT: $10,000.00

HARPER, FLOYD
1801 SALUDA RIVER DR.
WEST COLUMBIA, SC 29126
AMOUNT: $54,000.00

HARPER, GREGORY
5603 CASTLE DRIVE
OAKLAND, CA 94511
AMOUNT: $5,000.00

HEVENOR, MELISSA
12425 NW 57 COURT
CORAL SPRINGS, FL 33076
AMOUNT: $300,000.00

HEWITSON, WAYNE
115 FZONI STREET WEST
WALTER FALLS, NCH2SD
ONTARIO, CANADA
AMOUNT: $10,032.50

JENKINS, EDWARD
10 POND LANE EXT. 283
NUTTING LAKE, MA 01865
AMOUNT: $5,000.00

KLUGMAN, REUBEN
AMOUNT: $20,000.00

LANER, BARBARA
11 WESTGATE LANE #C
BOYNTON BEACH, FL 33436
AMOUNT: $3,000.00

LAZIO, CHARLES
1101 29 ST. NE
CEDAR RAPIDS,IA 52432
AMOUNT: $10,000.00


LEWIS, RICHARD
3515 N. HIGHWAY 159
MINNEAPOLIS,MN 55441
AMOUNT: $20,000.00

LIZAK, THERESA
1113 S. CYPRESS RD.
POMPANO BEACH,FL 33080
AMOUNT: $10,000.00

MAYO, GREGORY P. & BARBARA J.
13950 HIGHWAY 5 WEST
CAVALIER,ND 58220
AMOUNT: $10,000.00

MIRVISS, LEWIS-ESTATE OF
ATTN: BARRY A. GERSICK, ESQ.
1435 NATCHEZ AVE. SOUTH
GOLDEN VALLEY,MN 55416
AMOUNT: $1,257,660.00

MCCARTY, NICHOLAS
102 BOLAS RD.
DUXBURY,MA 02332
AMOUNT: $15,000.00

MCCARTHY, DONALD
33926 OLSON LANE
LONE ROCK,WI 53556
AMOUNT: $7,000.00

NARDONE, JOAN
WI
AMOUNT: $5,000.00

NEW JR., JAMES T.
200 RIVER OAKS
WRABERLEY,TX 78576
AMOUNT: $110,000.00

NIELSEN, NOELLE
20 TOWER POINT ROAD
SILVER BAY,NY 12874
AMOUNT: $25,000.00


MORADI, MEHRDAD
4145 E. DANBY COURT
WINTER SPRINGS,FL 32708
AMOUNT: $10,000.00

PATE, DAVID & SHARON
3485 WEST NACK ROAD
VIRGINIA BEACH,VA 23456
AMOUNT: $25,000.00

PAULSON, JAMES F. & MARLENE I.
1318 2ND STREET
CINELEK,WI 54728
AMOUNT: $100,000.00


POPPE, CRAIG
1710 11 ST. SW
ROCHESTER,MN 55902
AMOUNT: $16,500.00

RAND, GREGORY
3669 KAWELOLANI PL.
HONOLULU,HI 96816
AMOUNT: $35,000.00

RAWLYCK, ERNIE
2025 41 AVENUE NE
CALGARY, ALBERTA, t2e8p2
CANADA
AMOUNT: $10,000.00

RICATTI, ANTONIO
1780 BAY DRIVE
POMPANO BEACH,FL 30062
AMOUNT: $10,000.00

RICATTI, RUGGIERO
3301 NE 27TH AVE
LIGHTHOUSE POINT,FL 33064
AMOUNT: $10,000.00

RUECKERT, PETER
VIA NASSA
LUGANO,
SWITZERLAND
AMOUNT: $49,973.20
SHIPPS, ELIZABETH
AMOUNT: $50,000.00

STRONG, JOE
313 GREGORY STREET
NASHVILLE,TN 67112
AMOUNT: $32,500.00

TOM, ROBERT & CHERYL
11435 RYSTIC ROCK DR.
AUSTIN,TX 78750
AMOUNT: $5,000.00

WENDROFF, IRA
17205 NEWPORT CLUB DRIVE
BOCA RATON,FL 33496
AMOUNT: $20,000.00

\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: NICHOLAS BACHYNSKY
CASE NUMBER: 04-20250-CR-JORDAN (2)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

    A.  Lump sum payment of **$500.00** due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **400 NORTH MIAMI AVENUE, ROOM 8N09**
    **MIAMI, FLORIDA 33128-7716**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

The defendant hereby forfeits all right, title and interest in the following property:

    1)   The sum of $450,000.00 in United States currency;

    2)   All contents of account number 578146-71, in the name of MIB Medizinishches Institut Brunnen AG, at credit Suisse, 6301 Zug, Switzerland; and

    3)   All contents of Account number 578146-72, in the name of MIB Medizinisches Institut Brunnen AG, at Credit Suisse, 6301 Zug, Switzerland.